Circuit Court of Knox County.

### MARY DURBIN SAPP v. JOHN H. SAPP.

Decided, March 9, 1909.

*Divorce and Alimony—Finality of Decree—No Appeal Lies to the Grant of a Divorce—Nor can a Motion for a New Trial be Entertained.*

The rendition of a decree of divorce fixes the status of the parties *eo instanti,* and the marital relation thus severed can be restored only by consent of the parties and their remarriage.

BY THE COURT (Voorhees, J., Taggart, J., and Donahue, J.)

This proceeding in error is brought to reverse the judgment of the court of common pleas wherein said court by its order and judgment dismissed the petition of the plaintiff in error, then plaintiff, in said court and rendered a judgment against her.

On the 22d day of December, 1908, in a certain proceeding brought by the plaintiff in error against the defendant in error for divorce the court of common pleas on the trial docket of said court entered a "Decree for plaintiff and restored to maiden name. 12-22-08." On said day a proper journal entry was filed with the clerk of the court decreeing that the marital relation existing between the said Mary Durbin Sapp and John H. Sapp "be and the same is dissolved and both parties released from the obligation of said marital relation, and the said plaintiff is restored to her maiden name of Mary Durbin. It is further ordered by the said court that said plaintiff recover from the defendant her costs taxed at $——." It further appears from the record that the costs on said case were on that day paid. The record further discloses that on the 24th, day of December the court, of its own motion, entered on the trial docket the following: "12-24-08. Case reopened. Heard further upon the testimony of the defendant. Decree dismissing petition." And the court, as appears by the bill of exceptions, on the 23d day of January, 1909, furnished to the clerk of said court an entry reopening the hearing of said case and

heard further testimony and found in favor of the defendant and dismissed the petition of the plaintiff, and ordered the former entry in favor of the plaintiff stricken from the files; to all of which ruling of the court the plaintiff excepted, and perfected a bill of exceptions, and the question is now before this court whether the court was without jurisdiction and without authority of law to dismiss said proceeding or to strike from the files said journal entry and enter a judgment and decree different from that which he had entered on the 22d day of December.

The section of the statute in respect to divorce and alimony does not furnish any provision for an appeal from the judgment of the court of common pleas or for prosecuting error therefrom, and when said court enters a decree or judgment dissolving the marital relation of the parties, in a divorce proceeding it exercises its jurisdiction to a finality, and it can not thereafter change or modify said decree or judgment. The judgment of the court when so rendered is not subject to change or modification as in other cases, there being no time fixed for the filing of a motion for a new trial, nor providing for otherwise contesting said judgment and decree, nor is it one of that class of decrees that the court has control of during the entire term. A judgment in a divorce case fixes the status of the parties.

If the decree is for divorce the status of the parties then becomes fixed *"eo instanti"* upon the rendition of the judgment and decree.

If the decree be a severing of the marital relation, it can only be restored by the consent of the parties thereto and the parties remarrying. This holding is supported by the case of *Parrish* v *Parrish*, 9 Ohio State, p. 534, and the case of *Nauman* v. *Nauman*, 4 C.C.(N.S.), p. 298.

In the case of *Nauman* v. *Nauman* it is held:

"Failure to enter a decree of divorce upon the journal does not deprive it of validity, but where the granting of the decree has been noted on the apearance docket, it will be regarded as operative between the parties from its rendition.

"A court is not authorized to reopen a divorce case upon a motion filed two days after the decree was rendered, where it

appears that on the day the motion was filed one of the parties without knowledge of the filing remarried.

"A proceeding for divorce is terminated by an order of court that the petition be ·dismissed, and the fact that no reference· is made in such order as to the defendant's cross-petition does not give to the defendant the right to thereafter move for an allowance of temporary alimony."

· It is the judgment of this court that the court of common pleas was without jurisdiction to open the decree and dismiss the petition, and for that error ·of the court in so doing the judgment of the court of common pleas is reversed ·and this case is remanded with instructions to said court to enter on· its journal the decree of divorce so rendered on the 22d day of December, 1908. Exceptions will be noted.